UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTICT OF FLORIDA
JACKSONVILLE DIVISION

**MICHAEL S. MONG,**

    Plaintiff,

v.

**ENHANCED RECOVERY COMPANY, LLC.**

    Defendant.

Case No. 3:22-cv-00684

## COMPLAINT

**NOW COMES** MICHAEL S. MONG ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Enhanced Recovery Company, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) as Defendant is domiciled in the Middle District of Florida as it maintains its principal place of business located at 8014 Bayberry, Jacksonville, Florida 32256.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Defendant maintains its principal place of business located at 8014 Bayberry, Jacksonville, Florida 32256.

## FACTS SUPPORTING CAUSE OF ACTION

7. On May 12, 2022, Plaintiff obtained a new cellular phone number ending in 7352.

8. Soon thereafter, Plaintiff began receiving collection calls to his new cellular telephone number (704) XXX-7352 from Defendant attempting to collect an alleged debt unknown to Plaintiff ("alleged debt").

9. At all relevant times, Plaintiff is the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 7352.

10. Plaintiff was perplexed as to why Defendant was calling him because the alleged debt Defendant was attempting to collect did not belong to him, but rather was owed by an individual named "Sonia."

11. Plaintiff never provided his telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

12. Plaintiff answered the very first call from Defendant to inquire as to why Defendant was calling him.

2

13. Upon learning that Defendant was calling for a Sonia, Plaintiff informed Defendant that it had the wrong number and that he wanted the calls to cease.

14. Shortly thereafter, Plaintiff answered another phone call from Defendant to his cellular phone. In that call, Plaintiff again stated he was not Sonia. In response, Defendant's representative stated: "we're very sorry, we will remove your name from our calling list."

15. Despite knowing that Plaintiff was not "Sonia" and that Plaintiff's phone number was the wrong number to reach that consumer, Defendant continued to call Plaintiff at an unnecessary and harassing rate.

16. Frustrated with the frequent harassing collection calls, sent text messages and emails to Defendant advising that it was calling the wrong party and that he wanted the calls to cease.

17. Plaintiff has asked Defendant for its physical address so that he may travel to its office to provide proof of his identity in an effort to stop the harassing telephone calls. Defendant refused to provide a location for Plaintiff to verify his identity to Defendant.

18. Defendant has used numerous phone numbers to place collection calls to Plaintiff's phone number, including but not limited to (980) 301-0258, (800) 685-1956 and (833) 378-1912.

19. Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's telephone in an attempt to collect on the alleged debt.

20. Notwithstanding Plaintiff's requests that Defendant's collection calls cease, Defendant placed or caused to be placed dozens of wrong party calls from May 12, 2022, through the present day in an attempt to collect on a defaulted debt belonging to another person without Plaintiff's prior express consent.

**DAMAGES**

21. Defendant's excessive and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged debt.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

28. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant used the phone to attempt to collect the alleged debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's phone communications to Plaintiff were made in connection with the collection of the alleged debt.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

 a. **Violations of FDCPA § 1692c**

32. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop and that he was not the correct person Defendant was attempting to contact. This repeated behavior of continuously and systematically calling Plaintiff's telephone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him and that he was not the owner of the debt, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that he did not legally owe as it belonged to another individual.

33. Moreover, Defendant was repeatedly notified by Plaintiff that he is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

 b. **Violations of FDCPA § 1692d**

34. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's telephone seeking immediate payment on a debt that did not belong to him. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that he did not owe the alleged debt and demanded that the calls cease.

35. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff.

### c. Violations of FDCPA § 1692e

36. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt from Plaintiff. Defendant knowingly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though the debt did not belong to him. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it never had prior consent to do so in the first place.

### d. Violations of FDCPA § 1692f

37. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly attempted to coerce Plaintiff into making a payment that he did not legally owe. These means employed by Defendant only served to worry and confuse Plaintiff.

38. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

39. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

40. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

41. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, Michael S. Mong, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from further contacting Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

## COUNT II

### North Carolina Unfair and Deceptive Trade Practices Act

42. Plaintiff incorporates Paragraphs 1 through 34 as fully set forth herein.

43. The alleged debt and Defendant's collection efforts constitute "commerce" as defined by N.C. General Statute §75-1.1(b).

**a. Violations of N.C. General Statute §75-52**

44. The N.C. General Statute §75-52 prohibits a debt collector from "use[ing] any conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt. Such unfair acts include (4) Causing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person."

45. Defendant violated N.C. General Statute §75-52 (4) when it continued to call Plaintiff's cellular phone after he notified the Defendant it was calling the wrong party and demanded it stop calling. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submits a payment, even though the Defendant knew the debt was not his.

7

Rather than abiding by his wishes, the Defendant continued its harassing campaign of phone calls with the intent to harass Plaintiff into making a payment on the subject debt.

### b. Violations of N.C. General Statute §75-1.1(a)

46. The N.C. General Statute §75-1.1(a) declares any unfair or deceptive acts or practices in or affect commerce as unlawful

47. Defendant violated §75-1.1(a) when it when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's telephone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him and the alleged debt did not belong to him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that he did not legally owe as it belonged to another individual.

48. Moreover, Defendant was repeatedly notified by Plaintiff that he is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was deceptive.

**WHEREFORE,** Plaintiff, Michael S. Mong, respectfully requests that this Honorable Court enter Judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding equitable relief pursuant to §75-145(1);

c. Awarding Plaintiff damages pursuant to §75-145(2);

d. Awarding Plaintiff his costs and fees, including reasonable attorney's fees pursuant to §75-145(3);

e. Exemplary damages in an amount equal to fifty thousand dollars ($50,000) or three times the total of damages, costs, and fees, whichever is greater pursuant to §75-145(4);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury**

Dated: June 20, 2022                                   Respectfully Submitted,

                                                       MICHAEL S. MONG

                                                       /s/ *Alexander J. Taylor*
                                                       Alexander J. Taylor, Esq.
                                                       Sulaiman Law Group, Ltd.
                                                       2500 South Highland Avenue
                                                       Lombard, IL 60148
                                                       Phone: (630) 575-8181
                                                       ataylor@sulaimanlaw.com